[No. 4014.]

## ADOLPH UNGER *v.* EDWARD ROPER.

STATUTE OF LIMITATIONS — JUDGMENT-ROLL AS EVIDENCE. — In an action of ejectment, where the defendant pleads the Statute of Limitations, a judgment-roll, in a forcible-entry case, is admissible as evidence of the defendant's adverse possession.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The action was ejectment for one-third of a fifty-vara lot in San Francisco, and was commenced May 17th, 1871. The defendant pleaded the Statute of Limitations, deraigning title from E. J. Baldwin, by a deed dated May 9th, 1862, and claiming continuous adverse possession for more than five years thereafter. The plaintiff deraigned title from A. Wolf, by deed of May 7th, 1871. At the trial it appeared that Wolf had claimed title to the whole fifty-vara lot since 1853, through possession of L. P. Gautier, and conveyance from Gautier to Moses Whitcomb, who conveyed to Wolf May 7th, 1855. In 1860, Baldwin had entered upon the lot and put up a new fence. Roper took possession under his deed immediately, and built a fence partitioning off his part of the lot. May 31st, 1862, Wolf sued Baldwin in ejectment, but did not make Roper a party. In his answer Baldwin claimed title to two-thirds only of the lot. Judgment was rendered for Wolf; but Baldwin appealed, and the Supreme Court reversed the judgment, (19 Cal. 306) when the parties compromised—Wolf deeding to Baldwin the west sixty feet. Then Wolf and Baldwin erected a house jointly on the dividing line, and they leased the whole lot to one Harrigan for one year. Upon the expiration of the lease, in July, 1868, Wolf leased to Largan for a year. On the 22nd of the same month, Roper, the defendant in this action, commenced a suit of *forcible entry* against Wolf and Largan, in which issue was joined, and on August 26th, 1868, judgment was rendered for plaintiff. In March, 1870, Wolf and his tenants were ejected, and plaintiff was restored to the possession of the portion of the lot in controversy.

At the trial of this cause the plaintiff put in evidence the sworn statement of the defendant, Roper, to the effect that on the 30th of July, 1867, (less than five years before the commencement of this suit) Wolf, under whom the plaintiff deraigns title, was in the actual possession of the demanded premises. The defendants then offered in evidence the judgment-roll in the forcible-entry case of *Roper* v. *Wolf*, in which Roper re-

covered judgment for the restitution of the premises now in controversy. The evidence was admitted against the objection and under the exception of the plaintiff, who resisted it on the ground that it was irrelevant and incompetent.

Judgment was rendered for the defendant, and the plaintiff appealed.

*Barstow, Stetson & Houghton* and *B. S. Brooks*, for Appellant.

The Court erred in admitting in evidence the judgment-roll in *Roper* v. *Wolf.*

It is not contended that the roll was admissible to prove title, because title is not involved in the proceeding; it is admissible to prove any fact material to the defense which was at issue in that case. It would undoubtedly establish possession in Roper, and a forcible entry and eviction by Wolf. To admit the roll in evidence is to instruct the jury that the facts which the evidence is competent to prove are facts material to the cause of the party offering it. That is, that it is a defense, or aids the defense to establish his possession and eviction by the plaintiff; if the fact that the defendant was evicted by the plaintiff could help the defense, it was right to admit evidence of it; otherwise it was error, and material, because it directly tended to mislead the jury.

The only possible aspect of·the case in which it would be admissible would be an aid of the defense of the Statute of Limitations; but it could not aid that defense, because the allegation is, that on the same day that he was in possession the plaintiff entered and ousted him. This entry of the plaintiff served to break the continuity of the possession and destroy the defense. (*San José* v. *Trimble,* 41 Cal. 536; *Arnold* v. *Arnold,* 17 Pick. 4; *Bennett* v. *Holmes,* 1 Dev. & Bat. 486.)

*E. A. Lawrence,* for Respondent.

It was the theory of the defense that the plaintiff never had any title to the one-third of the lot claimed by the defendant; that the defendants had acquired the title by adverse possession:

and that they were not bound by the judgment in *Wolf* v. *Bald-win.*

The judgment-roll in *Roper* v. *Wolf* was clearly admissible as evidence of the defendant's possession five years after the date of his deed, May 9th, 1862.

A contest was made as to whether Roper ever was in possession before 1867, and if so, whether it was continued till August, when he moved on his house, which was immediately torn down, or whether Wolf entered in March, 1867, which was less than five years from Roper's alleged entry. Plaintiff contended that Baldwin was in possession of this lot in controversy when the suit of *Wolf* v. *Baldwin* was brought, and that Roper never was in possession until he put his house on the easterly one-third of the lot; and defendants contended that Roper was in possession prior to bringing that suit, (May, 1862) and continued in possession until he was finally ousted, (August 2nd, 1867) when his house was torn down; and that he was therefore in uninterrupted possession for more than five years. So the question really was, was Roper ever in possession? After the house was torn down, there is no pretense on either side that Roper was in possession till he was put there by the Sheriff under the writ in the forcible-entry suit. The witnesses on both sides so testify. Then, of course, the question was narrowed down to the issue as presented by the pleadings in the forcible-entry suit—Was he in possession on August 2nd, 1867, or, if you please, at any other time, till the suit was brought? or was he ousted in March, 1867, less than five years from Roper's entry?

The defendant claimed that he took possession in 1862, by building a substantial fence around the easterly one-third of the lot in controversy, so that the important fact for the defendant to establish was that the defendant had the fence separating his portion from the other portions of the lot, during the whole five years. If he did not, then he had no actual possession. One of the witnesses for the plaintiff testified that "from the year 1867 to this time, there has been no fence in the middle of that fifty-vara lot, or through it." If this was true, Roper did not have a five years' adverse possession; and had *no actual* possession from March, 1867, till March, 1870, *and could not*

*possibly have recovered in the forcible-entry suit*, which was commenced July 23rd, 1868, and the *forcible entry* must have been within one year previous to that time; so it could not have been earlier than July 23rd, 1867, and the record in the forcible-entry case was all-important to establish that fact, inasmuch as there was a conflict of the evidence. Baldwin, in his answer in *Wolf* v. *Baldwin*, only claims possession of the westerly two-thirds of the fifty-vara lot.

Thus the Court will see that it was material—in order to show Roper's five years' adverse possession, inasmuch as there was a conflict of the evidence—that this judgment-roll in the forcible-entry suit should be introduced. It certainly established a possession in Roper as late as the time of the alleged forcible entry, which was nearly one year before the forcible-entry suit was brought. If it established an actual possession in him later, even till the time the suit was brought, it could do no harm. It certainly established that, *at some time* within one year before that suit was brought, Roper had the actual possession. If the forcible entry had been made in March, 1867, as plaintiff contended, then Roper could not have recovered. If it was in August, 1867, as defendants contended, then he could have recovered in that action. Plaintiff's and defendant's witnesses are both agreed that after the forcible entry Roper did not gain possession again until March, 1870.

Hence, we say, the evidence was material to fix the character and date of Roper's possession.

By the COURT:

There certainly was evidence tending to show that defendant was in the adverse possession continuously of the premises in controversy, for more than five years from May, 1862. The judgment-roll in the forcible-entry case was admissible, as tending to show that such adverse possession continued at least until July, 1867.

Appeal from judgment dismissed, and order denying new trial affirmed. Remittitur forthwith.