[No. 6,933.—In Bank.]

## M. P. McCOURTNEY v. H. W. FORTUNE.

Ejectment—Evidence—Prior Possession.—In an action of ejectment, where the question is one of prior possession, the judgment rolls in actions of ejectment between the grantors of the plaintiff and the defendant are admissible in evidence as tending to prove possession.

Findings—Immaterial Error—Statute of Limitations.—A judgment will not be reversed where the want of a finding on a particular issue is not prejudicial to the appellant. *Held*, accordingly, in an action of ejectment, where the Court found that the plaintiff was never the owner nor entitled to the possession of the premises, it was unnecessary to find upon an issue of the Statute of Limitations.

Appeal from a judgment for defendants, and an order denying a new trial, in the Fourth District Court, City and County of San Francisco. Morrison, J.

*Z. Montgomery*, for Appellant.

*B. S. Brooks*, and *E. R. Taylor*, for Respondent.

McKee, J.:

This was an action of ejectment for part of block 119, Western Addition, San Francisco.

It is alleged in the complaint that Margaret McCourtney, wife of J. H. McCourtney, was, on the 4th day of March, 1868, and at the commencement of the action, the owner in fee-simple absolute, possessed and entitled to the possession of the land in controversy, and that on the 24th day of March, 1868, the defendants entered upon it and ousted the plaintiffs therefrom. The answer contains a general denial, a plea of ownership of the lands by the defendant J. W. Coleman at the commencement of the action, and of the Statute of Limitations.

Upon the trial the Court below found:

"That the said M. P. McCourtney was not, on the 4th of March, 1868, nor at any other time, the owner in fee-simple absolute, nor possessed nor entitled to the possession of, nor did she at the commencement of this suit own, nor was she entitled to the possession of, the tract of land described in the complaint, nor any part thereof.

"Nor did the defendants, on the 24th day of March, 1868, or at any other time, wrongfully or unlawfully, or at all, oust the said M. P. McCourtney therefrom. Nor did the defendants wrongfully or unlawfully withhold the possession thereof from the plaintiffs, or either of them. That the said land is not the separate property of the plaintiff, but was at the time of the commencement of this action the property of the defendant Coleman."

It is assigned as errors that the Court failed to find upon the Statute of Limitations; that the evidence is insufficient to justify the findings; and that there was error committed in admitting in evidence, against the plaintiff's objections, the record and papers in an action of forcible entry and detainer wherein one Evans was plaintiff and Osborne and others were defendants, and the judgment roll in the case of *J. D. Stevenson et al.* v. *John Evans et al.*

1. It appears that the plaintiffs claimed title to the land by *mesne* conveyances through Osborne, from J. D. Stevenson, who claimed to have made a location upon the land in 1850, and inclosed it by a substantial inclosure, and continued in the possession of it until he sold and conveyed it to Osborne; and the defendants claimed title, founded upon an alleged prior possession of one John Evans, who, it was claimed, had possession in 1849, by residence, inclosure, and cultivation, and continued in possession until March, 1855, when he transferred it to one McRae, through whom, as well as through Osborne, the defendant Coleman deraigns title. The prior possession of the parties from whom plaintiffs and defendants derived their respective claim of title was, therefore, a material fact in the case, and the judgment rolls which were offered in evidence by the defendants, and admitted by the Court, were records of contests between those parties for the possession of the land before the

parties to this action had acquired their rights, and they were admissible as tending to prove possession. (*Unger* v. *Roper*, 53 Cal. 39; *Geary* v. *Simmons*, 39 id. 224.)

2. There is a substantial conflict in the evidence of the case as to the possession of the persons under whom the parties claimed title. Where that is the case, findings made upon such evidence will not be disturbed by an appellate tribunal on the ground that the evidence was insufficient to sustain the findings, or that the findings are contrary to the evidence.

3. It is the duty of a trial Court to find upon all the material issues in a case, and it has been held, that if there is no finding on a material issue the judgment cannot be sustained. (*Phipps* v. *Harlan*, 53 Cal. 87.) But a judgment will not be reversed on that ground where the want of a finding on a particular issue is not prejudicial to the appellant. No judgment can be reversed for any error or irregularity in the proceedings of a case which does not affect the substantial rights of the parties. (§ 475, Code Civ. Proc.) So that when the Court found that the plaintiffs were not, on the 4th day of March, 1868, *nor at any other time*, the owners in fee-simple absolute, nor possessed nor entitled to the possession of the premises in controversy, it found, in effect, that the plaintiffs never had any possession or title to the land, to be barred by the Statute of Limitations, and it was not bound to find directly that a right or title, which never had an existence in fact or law, was barred by the statute. The omission of the Court to find directly upon the plea of the Statute of Limitations did not, therefore, in any way affect the plaintiffs. If a finding had been made upon it either way, it would not have helped or hurt them. As they were not the owners, never had been in possession, and never were entitled to the possession, it was of no moment whether the defendants were in possession or not under a title derived from the Statute of Limitations or any other source. Having failed to establish a right of entry in themselves, they were not entitled to recover, whether the defendant had title or not; for in ejectment a plaintiff must recover upon the strength of his own title, and not upon the weakness of his adversary's.

If the Court had found upon the issue in favor of the defendant, it would have been equivalent to a finding, as it did

find, that the land was at the commencement of the action the property of the defendant Coleman. The omission to find directly upon the issue was, therefore, if anything, a mere irregularity, from which no possible injury could result to the appellants, and it is no ground for the reversal of the judgment.

Judgment and order affirmed.

ROSS, J., and McKINSTRY, J., concurred.