TIMOTHY B. SWEET *et al.* v. T. J. WARD *et al.*

1. JURISDICTION—*Valid Judgment.* Where a court of general and superior jurisdiction has jurisdiction both of the subject-matter of the action and also of the parties, no merely irregular or erroneous exercise of its jurisdiction will render its final judgment void; and *held*, that the judgment of the lower court in the present case is not void.

2. PETITION—*Construction.* After a trial in the district court and judgment in favor of the plaintiff, the plaintiff's petition should be construed liberally for the purpose of holding that it stated facts sufficient to constitute a cause of action.

3. SUPREME COURT—*Limit of Review.* Where a motion to set aside and vacate a judgment is overruled by the district court, and afterward the case is taken to the supreme court within one year after the overruling of the motion, but not within one year after the rendering of the judgment, the supreme court may consider the ruling of the district court upon the motion, but not its rulings with reference to the judgment except so far as such rulings are involved in the ruling upon the motion.

*Error from Rice District Court.*

THE opinion states the case.

*Rossington, Smith & Dallas,* for plaintiffs in error.

*M. A. Thompson,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Rice county, on July 8, 1886, by T. J. Ward and James Henderson against Timothy B. Sweet and the Kansas Loan and Trust Company, to recover the penalty provided for by §8 of the act relating to mortgages. (Gen. Stat. of 1889, ¶ 3892.) On July 24, 1886, the defendants answered, virtually denying and disclaiming having any interest in the mortgage, and alleging that another party had. On July 27, 1886, the plaintiffs filed a motion to require the defendants to amend their answer so as to make it more specific and certain in a certain particular. On September 10, 1886, this motion was sustained by the court and the defendants required to make the amendments suggested by the plaintiffs, on or before September 14, 1886. This order was not entered upon the journal, however, until February 17, 1887, when it was entered *nunc pro tunc*, and the required amendment to the answer was never made. On January 25, 1887, the case was regularly called for trial, the plaintiffs appeared, but the defendants did not at that time make any appearance. A trial was had before the court without a jury, and upon such trial the court made the following special findings of fact, to wit:

" The court finds that the plaintiffs are the owners of the real estate in the petition described, to wit, lot No. three, of block No. one, in the original town of Lyons, in Rice county, state of Kansas; that the defendants held a mortgage on said real estate as described in plaintiffs' petition made by W. J. Fuller and Belle C. Fuller his wife, to the defendant Timothy B. Sweet, dated April 1, 1881, for the sum of seven hundred dollars, and that the same is recorded in the office of the register of deeds of Rice county, state of Kansas, on pages 205, 206, 207, 208, and 209, of volume eight of the records of mortgages; and that the plaintiffs had fully paid said mortgage, principal and interest, and had duly demanded of the defendants the cancellation of said mortgage before the commencement of this action, and that the defendants had failed and still fail and refuse so to do; and that the record of said mortgage still remains uncanceled of record."

Upon these findings judgment was rendered in favor of the plaintiffs and against the defendants, as prayed for in the plaintiffs' petition. On February 1, 1887, the defendants filed a motion, which, omitting title and signature, reads as follows:

"1. Now come said defendants Timothy B. Sweet and the Kansas Loan and Trust Company, and move the court to set aside the verdict herein, and to arrest and set aside the judgment, because the said petition filed by said plaintiffs in this cause does not state facts sufficient to constitute a cause of action against said defendants Sweet and the Kansas Loan and Trust Company.

"2. For the reason that said defendants filed a disclaimer in said cause of any mortgage interest in this property, and no evidence was introduced on the trial, or could have been introduced, showing that they were mortgagees, or had any interest whatever in or to the property set forth in said plaintiffs' petition.

"3. Because the said plaintiffs do not claim or allege in their petition that the said Timothy B. Sweet or the Kansas Loan and Trust Company had any such mortgage interest or estate whatever; and for other good and sufficient reasons said defendants, Timothy B. Sweet and the Kansas Loan and Trust Company, allege that said verdict was improperly granted, and judgment improvidently rendered in this cause."

On May 19, 1887, this motion was heard and overruled by the court. And on February 27, 1888, the defendants, as plaintiffs in error, brought the case to this court for review, making the plaintiffs below defendants in error.

For the purposes of this case it may be admitted that the judgment of the court below was erroneous and irregular, and that it might have been reversed, vacated or modified in any proper proceeding commenced and prosecuted within proper time; but no such proceeding was commenced or prosecuted. No motion for a new trial under § 306 of the civil code was ever made. No proceeding under § 568 of the civil code to reverse, vacate or modify the judgment or any order in the case was ever instituted. No proceeding even under § 575 of the civil code to vacate the judgment for the reason

that it was an absolutely void judgment, can fairly be said to have ever been instituted. And no proceeding in error under § 542 of the civil code was at any time within one year after the judgment was rendered instituted in the supreme court, as is required for proceedings in error in the supreme court under § 556 of the civil code, and the judgment that was in fact rendered is certainly not a void judgment. The district court had jurisdiction both of the subject-matter of the action and also of the parties; and while the judgment may have been erroneous or irregular, yet it certainly was not and is not void. In favor of courts of general and superior jurisdiction, it must always be presumed, in the absence of anything to the contrary, that everything that ought to have been done was not only done, but rightly done. Mr. Freeman, in his work on Judgments, § 142, says that "Jurisdiction over a party, being obtained, continues until judgment, and he must therefore take notice of all the proceedings until that time"; and the same author, in § 135 of the same work, says that "Jurisdiction being obtained over the person and over the subject-matter, no error in its exercise can make the judgment void." The motion filed in the present case by the defendants on February 1, 1887, was not a motion for a new trial, nor was it filed within time for that purpose, but at most it can be considered only as a motion to set aside or vacate a judgment claimed to be void. It seems to be claimed by the motion that the petition of the plaintiffs does not state facts sufficient to constitute a cause of action. We think it does, at least if liberally construed, and it must be so construed after trial and judgment. What was defectively stated in the petition, if anything was so stated, must be construed as having been made good by the evidence, findings, and judgment. It must be considered that the evidence cured all the defects of the petition and supplied all its omissions. The petition, however, stated in detail that the plaintiffs were the owners of the land; that the mortgage had been paid to the Kansas Loan and Trust Company; that such company had full authority to receive the payment and to release and discharge the mort-

gage; that Sweet was the president of the company, and was cognizant and responsible for the action of the company, and that his interests were identical with those of the company; that the plaintiffs demanded of the defendants that the mortgage should be discharged of record, but that they refused to do so. The defendants in their answer deny much of this, and disclaim having any interest in the mortgage, but after judgment these denials and disclaimers can amount to nothing. The defendants brought this case to this court within less than one year after their motion was overruled, though not within one year after the judgment was rendered. Hence we can consider the ruling of the court below upon the motion; but not its rulings with reference to the judgment, except so far as such rulings are involved in the ruling upon the motion. We do not think that the court below erred in overruling the motion.

The judgment of the court below will be affirmed.

All the Justices concurring.