[No. 12942. Department One. — October 18, 1890.]

JOHN D. HOOKER, RESPONDENT, *v.* R. P. THOMAS, APPELLANT.

APPEAL — REVIEW OF FINDINGS — JUDGMENT UPON ONE COUNT — FAILURE TO FIND UPON OTHER COUNTS. — Where the complaint alleges three distinct causes of action in three different counts, each of which is put in issue by the answer, a judgment in favor of plaintiff upon one count, which is fully sustained by the findings, will not be reversed because no findings were made. upon the issues presented by the other counts and the answer thereto. Every fact material to the judgment appealed from being found, that judgment must necessarily be affirmed; and the failure to find upon issues which might have been the basis of another and different judgment cannot justify a reversal, or be prejudicial to the appellant.

RES ADJUDICATA — DISTINCT CAUSES OF ACTION — CAUSES NOT PASSED UPON — PRESUMPTION OF ADVERSE FINDING — REBUTTING EVIDENCE. Where each of several causes of action alleged in a complaint are put in issue, the presumption is that they were litigated, and if the findings and judgment rendered in favor of the plaintiff cover only one of the causes

of action alleged, the presumption is that the plaintiff was found and adjudged to be entitled to nothing more than was given him by the judgment rendered; and in a second action, upon the issues not found upon, the judgment in the first action will be taken as a finding and judgment against him on such issues, in the absence of evidence; but such presumption is not conclusive, and may be rebutted by proof in the second action that, as matter of fact, the other causes of action were not litigated.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Daniel Titus,* for Appellant.

The findings do not respond to all the issues, the issues in the second and third counts not having been decided or even referred to in the findings. It is the duty of the trial court to find upon all the material issues made in the pleadings. (*Traverso* v. *Tate,* 82 Cal. 170; *Campbell* v. *Buckman,* 49 Cal. 362; *Golson* v. *Dunlap,* 73 Cal. 161; *Speegle* v. *Leese,* 51 Cal. 415; *Leviston* v. *Ryan,* 75 Cal. 293.)

*Pillsbury & Blanding,* for Respondent.

No judgment can be reversed for the failure of the court to find upon particular issues, when the failure does not affect the substantial rights of the parties. (Code Civ. Proc., sec. 475; *McCourtney* v. *Fortune,* 57 Cal. 617, 619; *Belcher Con. G. M. Co.* v. *Deferrari,* 62 Cal. 160, 162; *Murphy* v. *Bennett,* 68 Cal. 528, 530.) Failure to find upon a particular issue is not ground for reversing a judgment, when the same judgment would be rendered on a finding upon all the issues, as is required upon the facts found. (*Johnson* v. *Perry,* 53 Cal. 351, 354; *Robinson* v. *P. & S. V. R. R. Co.,* 65 Cal. 263, 266; *Gates* v. *McLean,* 70 Cal. 42, 46.) So when the facts found sustain the judgment, it is unnecessary for the court to go further and find upon other issues. (*Robarts* v. *Haley,*

65 Cal. 397, 402; *Malone* v. *County of Del Norte*, 77 Cal. 217, 218.)

WORKS, J. — The complaint in this case contains three counts, alleging three separate and distinct causes of action. The material facts in each count were put in issue by the answer. The court below found on all of the issues, under one count, in favor of the plaintiff, and rendered judgment in his favor as prayed for in said count. No findings were made on the issues presented by the other two counts of the complaint. The only point made on this appeal is, that the court below failed to find on all of the material issues presented by the pleadings, and therefore the cause should be reversed.

In other words, the appellant asks us to reverse a judgment which is fully sustained by the findings, because issues which were material in determining another and different cause of action were not found upon. This, we think, we cannot do. All of the issues necessary to sustain the judgment rendered were found upon. Therefore, the fact that entirely separate and distinct issues, which might have been the basis of another and different judgment than the one appealed from, and which, if found upon, could not have affected the judgment actually rendered, were not covered by the findings, cannot justify a reversal of the judgment before us. Every fact material to the judgment appealed from was found, and the judgment must necessarily be affirmed. (*Robarts* v. *Haley*, 65 Cal. 397, 402.) The failure to find on the other issues was not prejudicial to the appellant, and for that reason is not cause for reversal. (*Murphy* v. *Bennett*, 68 Cal. 528; *Belcher Con. G. Mining Co.* v. *Deferrari*, 62 Cal. 162; *McCourtney* v. *Fortune*, 57 Cal. 617.)

It is contended by the appellant that he was entitled to a finding upon the other causes of action, because such findings were necessary to shield him from another

suit for the same causes of action. But we do not understand that a second suit can be maintained upon those causes of action because findings were not made thereon. Each of the causes of action alleged was put in issue, and the presumption is that they were litigated, and if the judgment rendered did not cover these causes of action, and did cover the other one alleged, it must be presumed against the plaintiff that he was found and adjudged to be entitled to nothing more than was given him by the judgment rendered in his favor. In other words, the judgment in his favor on a part of the issue, if he were to bring a second action, would be taken as a finding and judgment against him on the other issues. Of course the presumption that all of the issues were litigated is not a conclusive presumption where a second action is brought. It may be shown that, as a matter of fact, they were not litigated. But if this were so, there would be no injustice to the appellant in presenting them the second time for adjudication. So, taking either view of it, he was not harmed by a failure to find upon the issues not affecting the judgment appealed from.

Judgment and order affirmed.

Fox, J., and PATERSON, J., concurred.