THE CITY OF KANSAS CITY, KANSAS, *et al.*, v. LEWIS W. BREYFOGLE *et al.*

No. 635.

CITIES — *Special Assessment — Limitation of Action.* In a proceeding to enjoin the collection of special assessments to pay the cost of grading a street in a city of the first class, where the petition on which such proceedings were founded failed to comply with the requirements of law, and the defects were apparent to a casual observer on its face, said petition did not give the city council jurisdiction, and did not start the running of the statute of limitations as against an abutting lot owner.

Error from Wyandotte court of common pleas; T. P. ANDERSON, judge. Opinion filed December 15, 1898. Affirmed.

*Geo. B. Watson*, and *Thomas A. Pollock*, for plaintiffs in error.

*Reed & Reed*, and *Lyman & Brown*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : This suit was brought by the defendants in error to enjoin the collection of special assessments

for grading a portion of Hudson avenue, in Kansas City, Kan. The court of common pleas of Wyandotte county, in which the action was brought, upon a hearing sustained the petition of the plaintiffs and perpetually enjoined the defendants from collecting said special assessments. The defendants below bring the case here for review.

The first reason given for a reversal of the case is that "The amended petition of the defendant in error does not state facts sufficient to constitute a cause of action." It was held in *McBride v. Hartwell*, 2 Kan. 411 : "Whether the petition stated sufficient facts is not a question the supreme court can look into until it first be presented to the district court." We are not cited to any place in the record where the question was presented to the district court. On the contrary, an answer was filed and the parties proceeded to trial and raised no objection to the sufficiency of the petition. There are exceptions to the rule above stated, but this case does not furnish one. As was said in *Sweet v. Ward*, 43 Kan. 698, 24 Pac. 941 :

"What was defectively stated in the petition, if anything was so stated, must be construed as having been made good by the evidence, findings, and judgment. It must be considered that the evidence cured all the defects of the petition and supplied all its omissions."

The next proposition is that "the petition of the property owners is regular on its face, and sufficient to start the thirty-day statute of limitations." The statute of limitations referred to is contained in paragraph 590, General Statutes of 1889 (Gen. Stat. 1897, ch. 32, § 209–217):

"No suit to set aside the said special assessments, or to enjoin the making of the same, shall be brought,

nor any defense to the validity thereof be allowed, after the expiration of thirty days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained.''

In support of the claim that the petition was sufficient to start the statute of limitations, we are cited by the plaintiffs in error to *Doran v. Barnes*, 54 Kan. 238, 38 Pac. 300, as conclusive on the point. The syllabus of that case reads :

''An action to enjoin the collection of an assessment made by a city of the first class in paving a street must be commenced within thirty days from the time when the amount of the assessment is ascertained, if all the proceedings prior to and including such assessment purport to be regular and apparently confer full jurisdiction upon the mayor and city council to order the paving complained of.''

The law provided that proceedings to grade should be initiated by a petition signed by a majority of the resident property owners of a majority of the front feet on said street, and that said petition should be ordered spread upon the journal by a majority of the council elect. In the Doran case the petition showed on its face that it was signed by a majority of the owners as required, and was ordered spread on the journal. In the case at bar the petition did not appear on its face to be signed by the necessary property holders and was not ordered spread upon the journal, and, under the decision cited, it conferred no jurisdiction and did not start the statute of limitations.

The next cause of complaint on the part of the plaintiffs in error is : '' No cause of action existed on account of the instalments of the assessments not certified to the county clerk by the city clerk at the time of the commencement of this action, and it was error to

render judgment enjoining the collection of the same.'' Paragraph 10 of the amended petition reads :

'' That the said city council apportioned the whole cost of said alleged improvement against the lots abutting on said Hudson avenue, a copy of which said apportionment the city clerk of the city of Kansas City, Kan., certified to the county clerk of the county of Wyandotte, state of Kansas, and the said county clerk certified the same to the county treasurer of said Wyandotte county, and the said assessments for the whole cost of said work are about to be collected by the said county treasurer from and against the lots abutting on said Hudson avenue.''

Upon the trial, among other admissions by the defendant below is the following : '' That the allegations contained in paragraph 10 of the plaintiff's petition are true.''   Under this admission, it is unnecessary to determine what would have been the status of the case if the admission had not been made.

From all the record in this case it seems clear to us that the injunction should have been allowed and made perpetual.   The judgment of the court below is affirmed.