[Civ. No. 3780. Second Appellate District, Division Two.—February 19, 1923.]

## MAE H. KESSLER et al., Respondents, v. MARIE J. YOUNG, Appellant.

[1] APPEAL—CONSTITUTIONAL LAW.—Section 4½ of article VI of the constitution operates to prevent a reversal unless, because of some error complained of, a miscarriage of justice has resulted, and then only when the court on appeal shall so determine after an examination of the entire case, including the evidence.

[2] SERVICES — FINDING — EXPRESS CONTRACT — IMMATERIALITY OF QUANTUM MERUIT.—Where in an action to recover a balance due for services rendered the court finds in plaintiff's favor on the issue of the express contract presented by the first count of the complaint, the failure to find on the issue as to the reasonable value presented by the second count is not a cause for reversal.

[3] ID.—EVIDENCE—WRITTEN MEMORANDUM.—Where in an action to recover a balance due for services rendered no written agreement was alleged or claimed, and a memorandum in writing was not essential to the validity of the contract proved, an objection to a question asked plaintiff on cross-examination as to whether there was a written memorandum was properly sustained.

[4] ID.—HUSBAND AND WIFE—ABSENCE OF DEMURRER—MISJOINDER—APPEAL.—Where in an action by a wife to recover a balance due for services rendered and to recover on claims assigned to her for services the defendant interposed no demurrer to the original complaint or to the amended complaint bringing in her husband as a party plaintiff, the defendant cannot urge on appeal a misjoinder or complain of a lack of finding on the subject of separate or community property.

[5] ID. — SURETY ON UNDERTAKING — PLEADING AND EVIDENCE—APPROVAL BY SHERIFF.—Where in an action on an assigned claim for services rendered in acting as surety on an undertaking the agreement and the signing, qualifying, and delivery of the bond were alleged and proved, the court properly sustained objec-

tions to questions tending to prove that the bond had not been approved by the sheriff.

[6] ID.—ABILITY OF PLAINTIFF.—In an action to recover a balance due for services rendered, objections to questions propounded to plaintiff as to whether she had gone to business college or had been admitted to practice law were properly sustained, where it was shown that the defendant was at all times represented by an attorney in the litigation referred to and that the services rendered by plaintiff were not such as to require a license or a business education.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles Lantz, Winslow P. Hyatt and Samuel M. Garroway for Appellant.

S. R. Blake for Respondents.

SHENK, J., *pro tem.*—The plaintiff Mae H. Kessler brought this action alleging in the first count a balance due of $450 on an express contract for services rendered and $93 for money advanced; in the second count a balance of $70 due on an assigned claim for services rendered by the plaintiff Frank P. Kessler, her husband, and in the third count a claim for $50 assigned to her by one Edith J. Thom, on a contract for services by the latter as surety on an undertaking in claim and delivery.

At the beginning of the trial Mrs. Kessler was granted leave to amend by joining her husband as a party plaintiff, to satisfy the requirements of section 370 of the Code of Civil Procedure, and by adding an item of $15 to the first cause of action on account of money loaned. Plaintiffs were then granted additional leave to amend by setting up by way of a common count in *quantum meruit* the sum claimed to be due on the express contract alleged in the first cause of action. The defendant answered denying generally and specifically the allegations of the original complaint, and objected to the filing of the amendments. It was stipulated that the allegations of the amendments might be deemed denied. Judgment went for plaintiffs in the full amount prayed for, and defendant appeals, basing

her appeal on certain alleged errors occurring during
the course of the trial, but especially on the contention
that "on the examination of the entire cause, including the
evidence, a miscarriage of justice has resulted from the
judgment herein"—citing section 4½ of article VI of the
constitution.

As to the principal contention, the argument of counsel
for appellant seems to be that regardless of any of the
alleged errors a miscarriage of justice has taken place in
that the trial court decided the cause contrary to the
preponderance of the evidence. To use counsel's language:
"If there ever was a case in which the doctrine of the pre-
ponderance of evidence should prevail it is the case at
bar."

The plaintiff Mrs. Kessler testified that the defendant
engaged her to assist in the management of her property
and in the preparation for trial of certain lawsuits then
pending and in which the defendant was an interested
party, and that defendant had agreed to pay her for such
services the sum of $500; that she had performed the
services required by her contract, and that $50 and no
more of the contract price had been paid. Mrs. Kessler
also testified as to the money advanced for the use and
benefit of defendant, and at her request, and which had
not been repaid. The assignors of Mrs. Kessler also tes-
tified positively as to their claims and the amounts due
thereon. The defendant in her testimony denied the al-
leged or any contract for services. She testified that what-
ever moneys had been advanced had been repaid by her;
that no agreements were ever made with the assignors of
Mrs. Kessler, and that they were entitled to nothing. The
evidence on behalf of the contending parties was positive
and substantial but irreconcilably conflicting, and on such
conflict the court found in favor of the plaintiffs.

[1] The constitutional provision referred to has no ap-
plication to the contention of appellant, but, on the con-
trary, operates to prevent a reversal unless, because of
some error complained of, a miscarriage of justice has
resulted, and then only when the court on appeal shall
so determine after an examination of the entire case, in-
cluding the evidence. The errors complained of will there-

fore be examined with this application of the constitutional provision in mind.

Although objection was made at the trial to the amendments to the complaint, no argument attacking the ruling is made in appellant's brief, and from a consideration of the record the correctness of the ruling of the court is beyond question.

[2] It is claimed that the court failed to find on the issue of the reasonable value of the services rendered by Mrs. Kessler as raised by the second amendment to the complaint. This was on the common count and related to the same matters alleged in the first cause of action on the express contract. The court found in plaintiff's favor on the issue of the express contract. The finding on this issue rendered the issue as to their reasonable value immaterial, and if found upon would not have affected the judgment actually rendered. (*Murphy* v. *Bennett,* 68 Cal. 528 [9 Pac. 738].) All of the issues necessary to sustain the judgment were found upon, and therefore the failure to find on the issue as to the reasonable value of the services, presented by the *quantum meruit* count, is not cause for reversal. (*Hooker* v. *Thomas,* 86 Cal. 176–178 [24 Pac. 941].)

[3] In the cross-examination of Mrs. Kessler defendant's counsel endeavored to elicit from her a reason why the contract alleged in the first cause of action was not reduced to writing, and when a reason apparently unsatisfactory to counsel was given he inquired: "Well, you claim to be a good business woman, don't you?" This question was objected to on the ground that it was not proper cross-examination, and the objection was sustained. Counsel then asked: "Well, there was no memorandum in writing of any agreement that took place then in your house?" An objection to this question on the same ground was made and was sustained by the court in the following language: "Objection sustained. It is not claimed that there was any. You haven't that to meet." Inasmuch as a written agreement was not alleged or claimed by any of the parties, and a memorandum in writing was not essential to the validity of the contract proved, the objection was properly sustained.

[4] There is no allegation in the complaint that the action concerned the separate property of the plaintiff Mrs. Kessler, and error is asserted because there is no finding on the subject of separate or community property. This was unnecessary. Mrs. Kessler was a proper party plaintiff as assignee under the second and third causes of action, and if the first cause of action concerned community property her husband, the coplaintiff, was brought in and joined with her. No demurrer was interposed to the original complaint nor to the complaint as amended, and defendant cannot now urge misjoinder. (Sec. 434, Code Civ. Proc.; *Schwarze* v. *Mahoney,* 97 Cal. 131 [31 Pac. 908].)

[5] As to the third cause of action, it was alleged and proved that the defendant agreed to pay Mrs. Thom the sum of $50 if she would act as a surety on an undertaking in one of the actions in which defendant was interested; that Mrs. Thom signed and qualified as a surety on the bond; that the same was delivered to the defendant or to her counsel for the purpose for which it was intended, and that it was filed. Exception is taken to the finding in favor of the plaintiff on this cause of action on the ground that the court sustained objections to questions interposed on behalf of the defendant tending to prove that the bond had not been approved by the sheriff, and that therefore the finding is not supported by the evidence. When she signed, qualified on, and delivered the bond Mrs. Thom did all that was required of her under the contract. Her liability thereon then passed beyond her control, and she could not thereafter urge as a defense in an action on the bond that the sheriff had not approved the same. (9 C. J. 25; *Carpenter* v. *Furrey,* 128 Cal. 665 [61 Pac. 369]; *Mendocino County* v. *Myers,* 32 Cal. 145; *People* v. *Evans,* 29 Cal. 432; *People* v. *Shirley,* 18 Cal. 121; Cobbey on Replevin, 2d ed., par. 689.) No question is raised by appellant as to the form or sufficiency of the bond, and under the circumstances we think the consideration for the execution thereof passed.

[6] The court sustained objections to questions propounded by defendant to the plaintiff Mrs. Kessler as to whether or not she had gone to business college or had been admitted to practice law, and the appellant predicates error on this ruling. An examination of the record dis-

closes that the defendant was at all times represented by an attorney in the litigation referred to, and that the services rendered by Mrs. Kessler were not such as to require a license to practice law as a prerequisite to the performance thereof, and it is difficult to perceive why a business college education was necessary. The materiality of these questions is not apparent, and the objections were properly sustained.

No other alleged errors merit discussion. The judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1923.