[Civ. No. 11660.  First Dist., Div. One.  May 29, 1942.]

ANITA WHITNEY, as Chairman of the California State Committee of the Communist Party, etc., Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Andersen & Resner, George R. Andersen and Herbert Resner for Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Respondents.

WARD, J.—Plaintiff appeals from a judgment involving the refusal of the city and county of San Francisco to rent or lease to the California State Committee of the Communist Party of the United States of America any part of the Civic Auditorium in the city and county of San Francisco, for the purpose of holding public meetings.

The complaint alleges that plaintiff is a member ''and now is the chairman of the California State Committee of the Communist Party of the United States of America''; that the principal office of said committee is the city and county of San Francisco; that the Communist Party of the United States is a duly and lawfully constituted political party of the United States of America, and that said committee is the duly, regularly and lawfully constituted state committee of that party. The complaint further alleges: ''That the said Communist Party of the United States of America has for many years last past participated in the national elections of the United States; and has for many years last past participated, and presently does participate, in the California State elections and in the municipal elections of the said city and county of San Francisco; and that said Communist Party of the United States of America is composed of citizens and electors of the United States and of the State of California and of the city and county of San Francisco.''

As a separate and affirmative defense the answer alleged that in a prior case for the same cause of action, wherein Oleta O'Connor was plaintiff, a judgment was duly made and given in favor of defendants. Various issues were presented by the pleadings but, under the provisions of Code of Civil Procedure, section 597, defendant, before the trial of any other issues elected to proceed upon the special defense that the action was barred by ''a prior judgment and previous adjudication.''

On the separate trial upon the special defense of res judicata, the respondents rested after presentation of the judgment roll in the O'Connor case, and the court found: ''That this action is barred by said prior judgment. That defendants have judgment herein as against plaintiff. That no trial of other issues in the action shall be had. That defendants have judgment against plaintiff for their costs,'' etc. This finding was based solely upon the pleadings in the present case and the record in the O'Connor case. In the latter case, ''having heard the testimony and having examined the proofs offered,'' the court found: ''That said Communist

Party of the United States of which said Oleta O'Connor is a member is a private political club and is not a political party organized under the laws of the State of California. . . . That this action was not commenced by plaintiff for and on behalf of either the Communist State Central Committee of the State of California or the Communist County Central Committee of the City and County of San Francisco, State of California, but was commenced on behalf of the private political club designated by plaintiff in her complaint as the Communist Party of the United States''; whereas the present action was brought by Anita Whitney as the chairman of the California State Committee of the Communist Party of the United States of America, which she alleges is a lawfully constituted and existing political party of the United States of America, and there was no proof offered showing that the organizations in the two actions were identical, or that the plaintiff in each appeared in the same right or capacity.

A party to an action in a subsequent proceeding is not bound by the judgment in a prior proceeding, and the doctrine of res judicata does not operate as an estoppel, unless he was a party or privy to such action and the identical issue raised in the subsequent proceeding was determined therein.

Respondents failed to sustain the special defense of res judicata other than by answer filed, which simply raised an issue. No evidence, as appears from the transcript on appeal, was introduced. (Code Civ. Proc., §§ 1908, 1910; *Standard Oil Co.* v. *John P. Mills Organization,* 3 Cal. (2d) 128 [43 P. (2d) 797]; *Andrews* v. *Horton,* 8 Cal. App. (2d) 40 [47 P. (2d) 496]; *Victor Oil Co.* v. *Drum,* 184 Cal. 226 [193 Pac. 243]; 15 R. C. L., p. 1012, 34 C. J., p. 756, § 1165; 15 Cal. Jur., p. 181, § 215.)

The question of whether the Communist Party of the United States of America would in any event be entitled to the use of the city's auditorium is in no way involved in this appeal. That is an issue to be decided in the trial court upon evidence there to be adduced, after determining whether or not the plaintiff herein is entitled to maintain the action in behalf of said party. Our decision herein goes only to the extent of holding that the record before us discloses no evidence to sustain the trial court's finding that the plaintiff herein represents the same organization the plaintiff in the prior action claimed to represent.

Judgment for defendants on the special defense is reversed, the special issue to be retried if deemed advisable.

Peters, P. J., and Knight, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 27, 1942.