[Civ. No. 19841. Second Dist., Div. Two. Mar. 22, 1954.]

THOMAS EISTRAT, Appellant, v. BRUSH INDUSTRIAL LUMBER COMPANY (a Corporation) et al., Respondents.

Thomas Eistrat, in pro. per., and Jerrell Babb for Appellant.

Wallace F. Mills, Kenneth M. Liskum and Wendell W. Schooling for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to recover damages for conversion and injury to property, plaintiff appeals.

The evidence being viewed in the light most favorable to defendants (respondents) discloses that on or about August 2, 1948, plaintiff entered into an agreement with Jones Lumber and Mill Company (hereinafter referred to as the vendee) by the terms of which plaintiff gave vendee the right to cut timber on certain property owned by plaintiff. This contract contained among others the following provisions:

"Purchaser is to comply with all California State laws and California State and United States Forestry Rules and Regulations pertaining to logging. All necessary cleanup and fire protection shall be at the Purchaser's expense.

"Purchaser agrees that no title or ownership of any timber shall pass from Seller until after the timber is cut."

Thereafter, the vendee without complying with the provisions of the contract relative to complying with state and United States forestry rules cut timber on plaintiff's land, removed it and sold it to defendants; plaintiff upon dis-

covering the fact that vendee was removing the timber from his land without complying with the forestry rules went to defendants and told them that vendee had not complied with the forestry rules and had therefore violated the contract of August 2, 1948.

After discussing the matter with defendants plaintiff stated he did not want to terminate his contract with vendee and he would not hold defendants liable "in any way" in connection with his dispute with the vendee.* Subsequently vendee was adjudicated bankrupt and in the proceedings, to which defendants were not parties, the federal court found that all rights of vendee in and to the contract of August 2, 1948, had been terminated not later than October 10, 1948, due to vendee's failure to comply with the terms of the contract relative to observing the forestry rules.

December 9, 1948, plaintiff filed an action in Tulare County, California, against vendee for the purpose of obtaining a judgment that the agreement between plaintiff and vendee had been terminated and asking that title be quieted to the real property from which the timber had been removed, and to recover certain monies due for timber removed from the property. In such action plaintiff levied a writ of attachment upon defendants herein for an amount which it owed vendee for lumber purchased from him. Thereafter the present action was instituted and the trial court found in favor of defendants.

These are the sole questions necessary for us to determine:

First: *Does the evidence sustain the finding of the trial court "that plaintiff had no right, title or interest in or to said lumber; that said defendant was the owner of said lumber, and refused and had the right to refuse to deliver said lumber, or any part thereof, to plaintiff"?*

*Yes.* The evidence discloses that plaintiff entered into a contract giving vendee the right to remove certain lumber from property which he owned, that thereafter vendee did remove the lumber but did so in violation of certain provisions of the contract (this lumber was sold to defendants); that

---

*Mr. Reginald P. Kratz, vice president of defendant corporation who conducted the public relation affairs of the company testified as to his conversation with plaintiff as follows:

"Well," he said, "that seems like a good plan and thanks very much, and I realize that you were buying this in good faith and have no intention of entering into any argument with us, and we won't hold you responsible in any way, and I will proceed with Jones along the lines that you suggested and work out a new agreement with him." (Clerk's Transcript, page 173.)

plaintiff knowing of the violation of the provisions of the contract waived any rights against defendants by (1) expressly telling them he would not hold them liable in any way for the alleged breach of contract by vendee (see evidence set forth in the footnote, *supra*); and (2) by instituting the action in Tulare County against vendee and obtaining the levy of a writ of attachment upon defendants for sums which it owed vendee. ▮ The rule is established in California that one who obtains an attachment in pursuance of a contractual remedy is estopped to later pursue another remedy predicated upon an alleged tort arising from the same set of facts. (*Estrada* v. *Alvarez*, 38 Cal.2d 386, 391 [6] [240 P.2d 278]; *Steiner* v. *Rowley*, 35 Cal.2d 713, 720 [221 P.2d 9].)

This rule is here applicable and since defendants purchased the timber from vendee under a valid contract, the above finding of the trial court was sustained by the evidence. ▮ The rule is settled that if a judgment is sustained by findings in one count of a complaint, which findings, as in the instant case, support the judgment, the fact that other findings are not supported by evidence will not be considered on appeal for the reason that irrespective of the determination of such question the judgment would be affirmed. (*Hooker* v. *Thomas*, 86 Cal. 176, 178 [24 P. 941]; see cases cited, 43 West's Cal.Dig. (1951) Trial, § 397(2), p. 129.)

We therefore refrain from discussing other findings which are attacked by plaintiff.

Second: *Was the trial court bound by the findings of the federal court in the bankrupt proceedings involving the vendee?*

*No.* ▮ The rule is established in California that a party to an action is not bound by the judgment in a prior proceeding, and the doctrine of res judicata does not operate as an estoppel, unless he was a party or privy to such prior action and the identical issue raised in the subsequent proceeding was determined in the previous case. (*Whitney* v. *City etc. of San Francisco*, 52 Cal.App.2d 363, 365 [126 P.2d 367]; *Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [5] [122 P.2d 892].)

Third: *Did the trial court err in excluding evidence of other transactions between defendants and the vendee?*

*No.* The record discloses that such evidence was in fact received. Therefore there is no merit in plaintiff's conten-

tion that the court erred in not receiving such evidence. The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied April 9, 1954, and appellant's petition for a hearing by the Supreme Court was denied May 19, 1954.