[Civ. No. 21905.   Second Dist., Div. Two.   Jan. 17, 1957.]

THOMAS EISTRAT, Appellant, v. BRUSH INDUSTRIAL LUMBER COMPANY (a Corporation) et al., Respondents.

Thomas Eistrat, in pro. per., for Appellant.

Wendell W. Schooling and Kenneth M. Liskum for Respondents.

FOX, J.—Plaintiff brought this action to recover damages for the conversion of certain lumber and to vacate a judgment in favor of defendants in an action between the same parties involving the same facts.   The prior judgment was affirmed by this court in 124 Cal.App.2d 42[1] [268 P.2d 181] (*Eistrat* v. *Brush Industrial Lbr. Co.*).

---

[1] Reference is made to this opinion for the factual and procedural background of this litigation.

Defendants' demurrer to plaintiff's third amended complaint was sustained without leave to amend. Plaintiff appeals from the ensuing judgment of dismissal.

In the instant matter, as in the prior case, plaintiff is seeking damages for the conversion of lumber that he claims belonged to him. He is, of course, met at the outset with the principle of res judicata. In order, however, to avoid its application, plaintiff asserts that the prior judgment was the result of extrinsic fraud or mistake.[2] In support of his contention he points to certain allegations in his third amended complaint: that at the trial he requested his attorney to (1) offer available evidence that defendants had not paid anyone for most of plaintiff's lumber; (2) offer in evidence the depositions of R. P. Kratz, vice-president of defendant corporation, which showed defendants' defense to be sham and frivolous; (3) offer evidence that a judgment for defendants would be an unjust enrichment of them and a gross miscarriage of justice; (4) offer in evidence written opinion of United States District Court in a bankruptcy proceeding involving one of the vendees of the lumber (see *Eistrat* v. *Brush Industrial Lbr. Co., supra,* pp. 43, 44 and 45) to the effect that all lumber taken and carried away from plaintiff's land to defendants was the property of plaintiff and his wife;[3] and that counsel refused to follow these suggestions. Plaintiff also alleged he made a motion in the trial court to dismiss his counsel so that he might handle the case himself. His motion, however, was denied. Plaintiff further alleges that counsel carelessly allowed the clerk's transcript on appeal to include exhibits that were not in evidence.

In *Westphal* v. *Westphal,* 20 Cal.2d 393, the court stated, at page 397 [126 P.2d 105, 106], that "The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. [Citations.] ▇ Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. [Citations.] If an unsuccessful party to an action has been kept in ignor-

---

[2]He relies on *Westphal* v. *Westphal,* 20 Cal.2d 393 [126 P.2d 105]; *Chung Gee* v. *Quan Wing,* 103 Cal.App.2d 19 [229 P.2d 50]; and *Bacon* v. *Bacon,* 150 Cal. 477 [89 P. 317].

[3]It appears that the findings of the federal court in the bankruptcy proceedings were received in evidence. (See *Eistrat* v. *Brush Industrial Lbr. Co., supra,* p. 45.)

ance thereof [citations] or has been prevented from fully participating therein [citation], there has been no true adversary proceeding, and the judgment is open to attack at any time.''[4] Measured by these principles, it is clear that plaintiff has not alleged facts entitling him to have the prior judgment vacated. There is no showing of extrinsic fraud or mistake within the definition of those terms by our courts. (*Westphal* v. *Westphal, supra*; *United States* v. *Throckmorton*, 98 U.S. 61, 65 [25 L.Ed. 93]; *In re Griffith*, 84 Cal. 107, 112-113 [23 P. 528, 24 P. 381]; *Pico* v. *Cohn*, 91 Cal. 129, 133-135 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336].)

Plaintiff had full opportunity to present his case upon the prior trial, he fully participated therein by counsel, and it was truly an adversary proceeding.[5]

Plaintiff's complaint against his counsel does not warrant vacating the judgment. ▮ In *Greenwood* v. *Greenwood*, 112 Cal.App. 691, the court stated, at page 696 [297 P. 589]: ''Equity will not grant relief against a judgment at law, where such judgment was obtained in consequence of the neglect, inattention, mistake, or incompetency of the attorney, unless caused by the opposite party.'' There is no charge here to bring this case within the stated exception.

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied February 14, 1957. Appellant's application for leave to produce additional evidence and his petition for a hearing by the Supreme Court were denied March 13, 1957. McComb, J., did not participate therein.

---

[4]For the classic definition of ''extrinsic fraud'' see *United States* v. *Throckmorton*, 98 U.S. 61, 65 [25 L.Ed. 93].

[5]We take judicial notice of the matters contained in the record on the prior appeal to this court. (*Hammell* v. *Britton*, 19 Cal.2d 72, 75 [119 P.2d 333].) That record discloses that the reporter's transcript covers 302 pages, and that the trial consumed some four days.