245 F.2d 67
 SEARS, ROEBUCK & CO., a corporation, Appellant,
v.
METROPOLITAN ENGRAVERS, Limited; Metropolitan Mat Service,
Inc.; Gregory F. Duffy, Aubrey A. Duffy, Alfred
Smutz, Walter C. Duffy and Frank R.
Blade, Appellees.
 No. 14564.
 United States Court of Appeals Ninth Circuit.
 Nov. 27, 1956.
Rehearing Denied March 22, 1957.
 
 Newlin, Holley, Tackabury & Johnston; John L. Wheeler, Hudson B. Cox, George W. Tackabury, Los Angeles, Cal., for appellant.
 Nathan M. Dicker, William J. Clark, Beverly Hills, Cal., Knudson, Wolfe & Knudson, Tobias G. Klinger, Gerald R. Knudson, Gerald R. Knudson, Jr., Los Angeles, Cal., for appellees.
 Before FEE and CHAMBERS, Circuit Judges, and WALSH, District Judge.
 JAMES ALGER FEE, Circuit Judge.
 
 
 1
 In an action in the District Court, plaintiff Sears, Roebuck[1] alleged that all of the defendants conspired to defraud plaintiff in the following manner: Blade was employed by plaintiff in its Los Angeles group of stores as Advertising Manager and as such entered into many contracts with Metropolitan Engravers, Ltd.,[2] which manufactured engravings which were sold to and used by plaintiff in newspaper advertising.
 
 
 2
 According to the allegations, it was agreed between Blade and Engravers, without knowledge or consent of sears, that Blade personally would receive rebated, profits and commissions from Engravers. It is alleged that, in return for such payments, Blade, as Advertising Manager of the Sears group of stores in Los Angeles, would contract for all engraving for that group with Engravers and no one else, and as a result Sears unwittingly would pay to Engravers, for the identical engraving, sums of money greatly in excess of the then going price therefor current on the Los Angeles market. It is further set up in the complaint that in 1949 plaintiff instructed Blade to contract for part of this engraving with other concerns than Engravers, and all defendants agreed that the engraving business should be divided between Engravers and Barnard and that the prices charged Sears should be higher than current prices in Los Angeles. Blade also was to receive secret rebates and profits from Barnard.
 
 
 3
 It is alleged on information and belief that Engravers and Mat Service paid Blade a sum in excess of $50,000.00, and the amount paid to Blade by Barnard was $8,250.00.
 
 
 4
 The gravamen of the complaint with regard to Engravers and its associates is that they fraudulently overcharged Sears for a period of years for engraving work. A list of the payments from February 6, 1942, to November 29, 1951, to Engravers is made part of the amended complaint. It is then alleged:
 
 
 5
 '* * * that the total amount so charged by said defendant 'Engravers' and paid by plaintiff for engravings purchased by plaintiff from said defendant 'Engravers' during said period of time from February 6, 1942, to November 29, 1951, inclusive, was and is the sum of $563,504.50; that the fair market price and value in the Los Angeles area for such engravings and the price that, except for the aforesaid agreements, conspiracies and fraud of said defendants, would have been charged plaintiff by said defendant 'Engravers' and by others in the engraving business for like quantities of like grade and quality, was the sum of $421,524.55; that thereby plaintiff was damaged in the sum of $141,979.95, no part of which has been paid.'
 
 
 6
 Upon information and belief it is alleged there were similar overcharges by Engravers in the period from January 1, 1937, to February 5, 1942. Like complaints are made against Barnard Company. Damages for this tort are demanded together with exemplary damages.
 
 
 7
 Blade filed an answer setting up, among other matters, the record of an action filed by Sears against him in the state court. The action sought recovery of the secret profits obtained by Blade over a course of years. None of the other defendants in this action was joined therein.
 
 
 8
 In the case at bar, Blade filed a motion for summary judgment based upon his answer and supporting documents in the instant action in the District Court. A summary judgment for defendant Blade was granted by the court.[3] Engravers, Metropolitan Mat Service, Inc., the Duffys and Smutz filed no answer, according to the record filed in this Court. They filed a joint motion to dismiss the complaint or, in the alternative, a motion for summary judgment. The motion to dismiss alone was granted by the court.
 
 
 9
 Sears appeals from the summary judgment in favor of blade. Sears also appeals from the judgment of dismissal based on the motion of Engravers and associated defendants. These appeals will be considered in this sequence.
 
 
 10
 The following facts were not controverted on Blade's motion for summary judgment.
 
 
 11
 On December 10, 1951, Sears filed a complaint for money had and received in the Superior Court of the State of California in and for the County of Los Angeles against Blade and his sister and had a writ of attachment issued and a levy made thereunder. In answer to a demand in the state action by Blade therefor, Sears filed a bill of particulars which contains in essence the same facts with regard to Blade as are contained in the amended complaint subsequently filed in the federal court and above summarized. In particular, the moneys for which the attachment issued are unquestionably in part the sums alleged to have been paid to Blade in the amended complaint in the federal suit, as an inspection of the bill of particulars in the state action will show.
 
 
 12
 The general rule is that a plaintiff may pursue an action against an identical defendant in several courts at the same time, even though inconsistent remedies are sought. But it is everywhere held that, although there can be several suits on the same state of facts against an identical defendant, there can be only one recovery. When a judgment has been based upon any of the several causes of action which can be stated arising out of the same state of facts, no recovery can be had as a matter of substantive law upon any of the other causes of action, whether prosecuted in the same court or some other court. The same rationale applies to a situation where affirmative action has been taken upon one of the several causes of action, which is thereupon held to negative any other theory of recovery between the same parties. This also is a doctrine of substantive law which has been adopted by many jurisdictions. The trial court held that, under the substantive law of California as adopted by its courts, the obtaining of a writ of attachment by this plaintiff against Blade constituted an election. It was also held that thereafter no cause of action of any nature arising out of the same facts between the same parties could be pursued either in the state courts or in any other court. As to Blade, Sears was estopped from claiming that Blade was liable for any other damage arising from the same facts anywhere, since it had full legal recourse for any injury caused by him. This Court accepts the judgment of the trial judge, sitting in a court of the State of California, as correct in applying California law.[4] The summary judgment as to Blade was therefore correct.
 
 
 13
 However, the trial court was in error in sustaining the motion to dismiss of Engravers and its associates. The court was not considering a motion for summary judgment. Consideration was therefore limited to matters appearing on the face of the pleading. The applicable rule expressly so provides.[5] While the motion for summary judgment is not before this Court because the trial court did not rule upon it, the following discussion will indicate in our opinion, whatever the state of the record, there were material questions of disputed fact arising on the face of the amended complaint which could be settled only by trial.
 
 
 14
 In the first place, the trial court took judicial notice that Sears could not have conducted its business for fifteen years without discovering the overpayments to Engravers, and held that laches or the Statute of Limitations had run against Sears. But the complaint explicitly alleges Sears had no knowledge of any of the matter set out in the complaint until December 10, 1951, since it only started an investigation upon receiving an anonymous letter July 6, 1951. It was error to sustain a motion to dismiss when the clear allegation of the complaint was to the contrary. There was a question of fact to be tried. It is true, judicial notice may be taken of a fact to show that a complaint does not state a cause of action. But here there was a question of fact as to the knowledge of Sears which could not be thud decided without evidence. If this matter of knowledge of Sears were tried by jury, the triers of fact might well consider the allegations, if proved, that Engravers bribed Blade, the executive whom Sears had charged with responsibility for keeping track of the current prices of engraving in the Los Angeles area.[6]
 
 
 15
 Next, the trial court sustained the motion to dismiss as to Engravers on the theory that a single cause of action was stated against Blade and the other defendants, and, since Sears elected to sue Blade and attach his property in the state court, it had affirmed the acts of all the defendants.[7] As a result, Sears was estopped[8] from bringing an action based upon fraud against defendants other than Blade. The trial court held there was only one fraud and that the consequences could not be separately pursued.
 
 
 16
 Here also, as to defendants other than Blade, the trial court uses a theory of estoppel against plaintiff. But such an estoppel is an affirmative defense. This positive matter is set up in the answer of Blade, upon which summary judgment as to him was based. Technically, it was not set up in the amended complaint against which the motion to dismiss was directed and therefore would not be the basis for sustaining the motion. The amended complaint shows on its face that there are disputed questions of fact which must be tried.
 
 
 17
 Therefore, this Court might be content with holding that the trial court should have allowed Sears the opportunity to amend, if it thought that necessary after the elimination of Blade. Notwithstanding the documents in the state court case of Sears against Blade are not pleaded in the amended complaint, the court used them as a basis for estoppel against Sears. This was clearly error. We will, however, view the matter as if a summary judgment had been granted by the court in favor of Engravers and associates.
 
 
 18
 Even so, with such records a summary judgment could not have been granted. There were still material questions of fact which should have been tried before the estoppel could be adjudged. First, the factual grounds of the cause of action in the state court by Sears against Blade must be shown to be identical with those urged in the federal court by Sears against Engravers and its associates. Second, since the named parties to the two actions are not identical,[9] more facts must be established by Engravers to prove that that defendant and its associates suffered injury because Sears brought a contract action against Blade.[10]
 
 
 19
 But the trial court overlooked the fact that the amended complaint set up a cause of action against Engravers and its associates without consideration of Blade. As above noted, the charge against Engravers is that it fraudulently had received money by overcharges from Sears, which it unjustly retained. The schedules of charges made are attached and made part of the complaint.[11] Besides, in years before the schedules commence, it is alleged that Engravers received money in amounts presently unknown to Sears, for which damages are also sought. The conspiracy alleged between Blade and the other defendants is not the gist of the instant action, but the injury inflicted by the other defendants in receiving the sums set out fraudulently and without consideration. After the elimination of Blade from the action and any allegations as to secret payments to him, the amended complaint still would state a cause of action against Engravers and the other defendants. There was no splitting of a cause of action, even if the record in the two cases be assumed to be before this Court.[12] An employer has a right of action against his employee for money acquired by the latter as the result of his employment. The employer also has a right of action for overcharges whereby a third person is unjustly and fraudulently enriched.[13]
 
 
 20
 While Sears could not recover from Engravers or any of its associates the same moneys which it has seized by attachment in an action on contract against Blade, the amended complaint here is clearly based upon a theory that recovery may be had against defendants by reason of damages for fraudulent overcharges made by them against Sears. These parties fraudulently enriched themselves by overcharges which Sears unwittingly paid to them. These are not the same moneys which Engravers and associates are said to have paid to Blade as bribes to violate his duty. If any judgment is given against Engravers, it must be for damage for tortious acceptance of the overpayments.
 
 
 21
 It is a matter of proof whether all or a portion of the same moneys are sought by Sears, but the amended complaint is not subject to be dismissed on that ground. The causes of action are not identical. Therefore, no estoppel exists without further proof. Engravers and its associates are pursued for fraudulent overcharges. They are also alleged to have given bribes to Blade, which Sears seeks to collect in an action on contract from Blade alone. The authorities show that these two different causes of action may be stated in this complaint. There is no reason to release Engravers and its associates for an injury which they inflicted on Sears by fraudulently receiving overpayments.[14]
 
 
 22
 Also, the parties to the case in the state court and to the instant case are not the same. After the elimination of Blade, there is still less connection. The state court suit was between Sears and Blade. As to Engravers and the other defendants, these were transactions between Sears and third parties. If it were possible to work out an estoppel on account of transactions between Sears and Blade as to the other defendants, these facts were not set up in the amended complaint and furnished no ground for motion to dismiss. The record in the case in the state court is of no help to defendants. Indeed, the relation between all the parties, which established that injury would result to Engravers by a contract action by Sears against Blade for moneys he had received as a result of his employment, would necessarily be pleaded and proved or admitted in respect to the other defendants except Blade before judgment could be entered against Sears.
 
 
 23
 The same reasoning applies as to the grounds used to dismiss the complaint: (1) More facts must be established than those alleged in the complaint to show that Sears has split a cause of action against Engravers and the other defendants except Blade. (2) It is patent then that a great deal more evidence on other issues must be adduced than is foreshadowed by the allegations of the amended complaint in order to show that Sears affirmed the fraudulent acts of Engravers and other defendants except Blade by suing Blade in the state court in contract.[15] The parties to the action will not be the same, and it is apparent that Sears can state a claim against the other defendants upon which relief may be granted.
 
 
 24
 The summary judgment in favor of Blade is affirmed. The ruling on the motion to dismiss is reversed.
 
 
 25
 Remanded.
 
 
 
 [1]
 Hereinafter referred to as 'Sears.'
 
 
 [2]
 Hereinafter referred to as 'Engravers.'
 
 
 [3]
 The ground of the decision was that Sears elected from among inconsistent remedies and caused Blade damage thereby. Sears, Roebuck & Co. v. Blade, D.C., 123 F.Supp. 131
 
 
 [4]
 Sears, Roebuck & Co. v. Blade, D.C., 123 F.Supp. 131. See also, Steiner v. Rowley, 35 Cal.2d 713, 221 P.2d 9; Estrada v. Alvarez, 38 Cal.2d 386, 240 P.2d 278; Eistrat v. Brush Industrial Lumber Co., 124 Cal.App.2d 42, 268 P.2d 181
 
 
 [5]
 Federal Rules of Civil Procedure, Rule 12(b), 28 U.S.C.A., which provides in part, 'If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.'
 
 
 [6]
 Under the liberal rules of pleading in the federal courts, the amended complaint stated sufficient facts as to the time of discovery of fraud. Engravers were taking advantage of a fiduciary relationship between Blade and Sears, upon which the latter had the right to rely. Dabney v. Philleo, 38 Cal.2d 60, 237 P.2d 648
 
 
 [7]
 Two cases, cited by the District Court in support of this proposition, are not applicable to the instant situation. Robb v. Vos, 155 U.S. 13, 15 S.Ct. 4, 39 L.Ed. 52, avoided prejudice to an innocent third party by holding plaintiffs to an appearance made in an earlier litigation in which title to disputed land was transferred to the defendant. The court held that the earlier appearance, claimed by plaintiffs to have been made by their agent, a lawyer, without authority, was ratified and adopted by the voluntary appearance of plaintiffs in litigations concerning the probate of the estate of their agent. Insurance Co. of North America v. Fourth National Bank, 5 Cir., 28 F.2d 933, concerned an election by plaintiff as to the manner in which he would pursue the same funds
 
 
 [8]
 There was, of course, no applicable theory of res adjudicata or estoppel by record or by judgment available on the facts in the complete record before the trial court. In any event, the principles hereinafter discussed would control
 
 
 [9]
 As will be seen by subsequent discussion, the remedies against Blade and that against Engravers, respectively, were separate, cumulative and consistent and neither involved the same money for which the other action was brought. Blade and Engravers were not joint tortfeasors
 
 
 [10]
 Also, 'It has been said that the doctrine of election of remedies, like res judicata, is based on, 'the maxim which forbids that one shall be twiced vexed for * * * the same cause.' United States v. Oregon Lumber Co., 1922, 260 U.S. 290, 301, 43 S.Ct. 100, 67 L.Ed. 261. If this is true the doctrine should not apply in any case where the defendant was not a party to the prior suit.' Note, 53 Michigan Law Review 1195, 1196 (1955)
 
 
 [11]
 No segregation is made in the schedules of overcharges and legitimate charges, as that is a matter of evidence
 
 
 [12]
 No California case holds that a cause of action is split by separate actions against Blade and Engravers. The weight of authority indicates that each is severally liable for the damage which each, respectively, caused to Sears. Kuntz v. Tonnele, 80 N.J.Eq. 373, 84 A. 624; Tarnowski v. Resop, 236 Minn. 33, 51 N.W.2d 801. See also authorities at Note 14, infra
 
 
 [13]
 'The directed verdict cannot be justified, as contended by defendant, on the theory that plaintiff is barred under the doctrine of election of remedies by reason of the recovery of judgment against the bookkeeper for damages resulting from alteration of the checks. The doctrine is based on estoppel and, when applicable, operates only if the party asserting it has been injured. See Steiner v. Rowley, 35 Cal.2d 713, 720, 221 P.2d 9; * * * . Here the evidence does not show as a matter of law that defendant was in any way injured or prejudiced by plaintiff's action against the bookkeeper.' Pacific Coast Cheese, Inc., v. Security-First National Bank of Los Angeles, 45 Cal.2d 75, 286 P.2d 353, 356
 
 
 [14]
 In a case of striking similarity on the facts, The Mayor &c. of Salford vs. Lever, 1 Q.B. 168 (1891), it was said by Lopes, L.J., at page 181: 'The rights of action by the corporation against him (the seller, Lever, who sold coal to plaintiff at excessively high prices to support secret payments to plaintiff's purchasing agent) and Hunter (the purchasing agent) are separate, distinct and independent of each other. The right against Hunter is, to recover the secret bribe which he has received, and it is founded on his fraud in regard to that bribe. The right against Lever is, to recover the excess of price which he obtained through his fraud-- a fraud, no doubt, in conjunction with Hunter, but an entirely separate and distinct fraud from that in respect of which the action against Hunter would be brought.'
 In accord is the Restatement of the Law, Agency, Volume II, § 407(2), which says: 'A principal who has recovered damages from a third person because of an agent's violation of his duty of loyalty is entitled nevertheless to obtain from the agent any profit which the agent improperly received as a result of the transaction.' While the facts of the instant case represent the obverse of this rule, there appears to be no good reason why the rationale expressed should not obtain in any event.
 
 
 [15]
 Even if this be shown, plaintiff may still choose to stand on the affirmed contract and sue for damages. Bagdasarian v. Gragnon, 31 Cal.2d 744, 192 P.2d 935; Kaluzok v. Brisson, 27 Cal.2d 760, 167 P.2d 481, 163 A.L.R. 1308