Michael J. KETTNER, Plaintiff,

v.

ALBERTSONS, INC., a Delaware corporation, Defendant.

Civ. No. 93–714–FR.

United States District Court, D. Oregon.

Nov. 4, 1993.

Donald B. Potter, Portland, OR, for plaintiff.

Corbett Gordon, Kenneth E. Bemis, Bullard, Korshoj, Smith & Jernstedt, Portland, OR, for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of defendant, Albertsons, Inc. (Albertsons) to dismiss the complaint of plaintiff, Michael J. Kettner (# 8).

## UNDISPUTED FACTS

Michael J. Kettner was hired by Albertsons on or about September 15, 1991. Upon being hired, Kettner became a member of Teamsters Local 305. As a member of Teamsters Local 305, Kettner was subject to a collective bargaining agreement (the CBA) between Albertsons' and Kettner's bargaining representative, the Teamsters Union.[1] The CBA was effective from December 4, 1991 through September 6, 1992. The CBA established the terms and conditions of employment for Kettner in Article 1.

Only Articles XIV, XV, XXI and XXIV of the CBA are relevant to this action. Article XXIV of the CBA contains a provision regarding leaves of absence for union employees and specifically requires that all leaves of absence be requested in writing and granted in writing. Paragraph 14.1 of Article XIV provides that Albertsons can only discharge an employee based on "just cause." Articles XIV and XV provide a grievance and final binding arbitration mechanism for an em-

---

1. On a motion to dismiss, a court may properly look beyond the complaint to matters of public record without converting that motion to a motion for summary judgment. *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir.1956). Kettner did not object to the inclusion of facts regarding the CBA in his response to Albertsons' motion to dismiss his complaint. Therefore, the court will consider the CBA in determining the merits of Albertsons' motion.

ployee who challenges his discharge. Article XXI prohibits any agreements between employees, individually or collectively, which conflict with the terms and provisions of the CBA.

On June 16, 1992, Albertsons discharged Kettner from his employment at the distribution center. Kettner did not file a grievance under the CBA. He filed this action on June 15, 1993. In his first claim for relief, Kettner alleges that Albertsons granted him parental leave of five unspecified working days; that the purpose of this leave was to accommodate the anticipated birth of his child; and that he was fired, in substantial part, for taking this leave when his child was born. In his second claim for relief, Kettner alleges that Albertsons breached an oral agreement with him regarding five days of parental leave, and that Albertsons terminated him in retaliation for taking parental leave of five days. In his third claim for relief, Kettner alleges that his supervisor negligently misrepresented that Kettner could take parental leave of five days at the time of the birth of his child; that Kettner relied on the representation of his supervisor; and that Kettner was subsequently terminated for taking parental leave.

### STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. County of Nevada,* 824 F.2d 735, 737 (9th Cir.1987).

### CONTENTIONS OF THE PARTIES

Albertsons contends that all three of Kettner's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In the alternative, Albertsons contends that Kettner's claim based on parental leave should be dismissed because the State of Oregon does not recognize a private right of action for claims based on parental leave. In the alternative, Albertsons contends that Kettner's claims for negligent misrepresentation should be dismissed because Kettner has failed to allege the special status or relationship between the parties necessary to create the duty required for a private right of action in Kettner.

Kettner argues that none of the three claims in his complaint are preempted by Section 301 of the Labor Management Relations Act because none of the three claims requires an interpretation of the CBA. Kettner argues that the Oregon Parental Leave Statute expressly grants a private right of action to him because it refers to O.R.S. 659.365, which provides a private right of action under several other discrimination statutes. Kettner also argues that under the laws of the State of Oregon, an employer owes its employees a special duty of care sufficient to establish a claim for negligent misrepresentation.

### ANALYSIS AND RULING

Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (hereafter Section 301), provides for federal jurisdiction over "[s]uits for violation of contracts between an employer and labor organization." In *Avco Corp. v. Aero Lodge No. 735, etc.,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the Supreme Court held that Section 301(a) preempts a contract action under state law that attempts to enforce a collective bargaining agreement. Subsequently, in *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the Supreme Court extended this principle of preemption to any claim under state law that is "inextricably intertwined with consideration of the terms of the labor contract." *Id.* at 213, 105 S.Ct. at 1912. "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim ... or dismissed as pre-empted by federal labor-contract law." *Id.* at 220, 105 S.Ct. at 1916. The Supreme Court justifies this extension of

the scope of preemption provided in Section 301(a) as follows:

> The interests in interpretive uniformity and predictability that require that labor-contract disputes be resolved by reference to federal law also require that the meaning given to a contract phrase or term be subject to uniform federal interpretation. Thus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.

*Id.* at 211, 105 S.Ct. at 1911.

Thus, under *Allis–Chalmers,* the relevant inquiry here is whether the state law claim that Kettner has alleged is independent of the CBA or whether resolution of the state law claim is "inextricably intertwined" with or "substantially dependent" upon an analysis of the terms of the CBA.

### 1. *Claim for Breach of Contract*

■ In his second claim for relief, Kettner alleges that Albertsons breached an oral contract with Kettner, the terms of which were that Kettner "could take five working days off at a later date for the anticipated birth of his child without being discharged for doing so." Complaint, paras. 13–15. Kettner contends that his claim for breach of an oral contract does not depend on any of the terms of the CBA because the CBA does not need to be interpreted in order to resolve a claim based on an oral contract. Albertsons argues that Kettner's claim for breach of an oral contract will require an interpretation of the provisions for leave of absence in the CBA.

Paragraph 24.1 of Article XXIV of the CBA provides, in relevant part: "All leaves of absence are to be requested in writing and shall state: 1) reason; 2) date leave is to begin; 3) expected date of return to work. Leaves of absence shall be granted in writing." CBA, p. 9 (filed as Appendix A to Defendant's Memorandum in Support of Motion to Dismiss).

The Ninth Circuit has consistently held that a claim by an employee who is a union member for breach of an individual contract, whether the contract is oral or written, is preempted by Section 301(a) because the claim effectively constitutes a claim for breach of the collective bargaining agreement. *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993 (9th Cir.1987); *Stallcop v. Kaiser Found. Hosps.,* 820 F.2d 1044 (9th Cir.1987); *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468 (9th Cir.1984). In addition, the CBA applicable here expressly precludes Kettner's claim in Article XXI, which states at Paragraph 21.1: "The Employer agrees not to enter into any agreement or contract with its employees, individually or collectively, which in any way conflicts with the terms and provisions of this Agreement. Any such agreement shall be null and void." CBA, p. 11.

The only case Kettner cites in support of his argument that the claim for breach of contract is independent of the CBA is *White v. National Steel Corp.,* 938 F.2d 474 (4th Cir.1991). *White* is distinguishable because the employees in *White* entered into individual contracts in connection with their transfers from union positions to management positions pursuant to which they could no longer avail themselves of the provisions of the CBA. Unlike *White,* preemption principles are applicable to Kettner's claim for breach of contract. Kettner was a member of the bargaining unit at Albertsons and was covered by the terms and conditions of the CBA, which was negotiated by his union. The CBA contains clear, unambiguous provisions which directly address the requirements necessary for the employee to request and for the employer to grant leaves of absence available to employees. The CBA also includes a provision prohibiting side agreements that are inconsistent with the CBA. The court concludes that the resolution of Kettner's claim for breach of contract is substantially dependent upon an interpretation of the CBA.

### 2. *Claim for Negligent Misrepresentation*

■ In his third claim for relief, Kettner alleges a claim for negligent misrepresenta-

tion against Albertsons based on the representation of an employee of Albertsons that he could take five working days off. Albertsons argues that this claim is, in essence, a claim based on the CBA, and as such is preempted. Kettner contends that this claim is a tort claim and is not preempted by the CBA because it is wholly independent of the CBA.

The Ninth Circuit has stated that it has "never hesitated to find preemption of ostensible 'tort' claims where those claims appeared to restate what in essence amounted to a contract claim." *Bale v. General Tel. Co.*, 795 F.2d 775, 779 (9th Cir.1986). In *Bale*, the court found that the fraud and preemption claims of the plaintiff were preempted by Section 301. The court reasoned that to prove the fraud and misrepresentation claims, the plaintiff would have to show that the terms of the CBA differed significantly from the terms of the individual employment contracts that the plaintiff believed he had made. The Ninth Circuit has also dismissed claims for negligent misrepresentation on the grounds of Section 301 preemption. *See Young v. Anthony's Fish Grottos, Inc., supra.* In *Young*, the court concluded that a determination of the claim of the employee that she was assigned additional work responsibilities in violation of an oral agreement required the interpretation of the CBA.

In the case before the court, the crux of Kettner's claim for negligent misrepresentation is that Albertsons breached an oral contract that he had made with his supervisor that he could take five days leave when his child was born. As in *Bale* and *Young*, the claim for negligent misrepresentation would require an interpretation of the terms of the CBA because Kettner would be required to show that the terms of the CBA differed significantly from the terms of his contract with Albertsons. Thus, Kettner's claim for negligent misrepresentation is preempted by Section 301. The court need not reach the issue of whether Albertsons had a special duty to Kettner so as to give rise to a claim for negligent misrepresentation because that issue too is preempted by the CBA.

3. *Claim for Parental Leave Discrimination*

■ In his third claim for relief, Kettner alleges discrimination in violation of the parental leave provisions of O.R.S. 659.360(7). Albertsons contends that this claim should be dismissed because O.R.S. 659.360(7) does not provide a right of action to Kettner. Kettner argues that O.R.S. 659.365, in which the procedures to enforce the parental leave provision are set forth, provides a plaintiff with the same civil remedies as provided by other employment discrimination sections of the statutes of the State of Oregon.

O.R.S. 659.365 provides:

(1) Complaints may be filed by employees with the Commissioner of the Bureau of Labor and Industries. The Commissioner of the Bureau of Labor and Industries shall enforce ORS 659.360 in the manner as provided in ORS 659.010 to 659.110, 659.121 and 659.505 to 659.545 for the enforcement of other unlawful employment practices.

(2) Violation of ORS 659.360 subjects the violator to the same civil remedies and penalties as provided in ORS 659.010 to 659.110, 659.121 and 659.505 to 659.545.

Pursuant to O.R.S. 659.365(1), a complaint must be filed by an employee with the Commissioner of the Bureau of Labor and Industries, and the Commissioner of the Bureau of Labor and Industries must enforce this law in accordance with the enforcement procedures of other statutes. Kettner argues that when O.R.S. 659.365(1) and (2) refer to the enforcement procedures of other statutes, all of the rights contained in those other statutes are incorporated into the parental leave provisions, including the right to a private cause of action. O.R.S. 659.365(1) and (2) provide only that the Commissioner of the Bureau of Labor and Industries "shall enforce" in the manner provided by the sections referenced by the statute. Nothing in O.R.S. 659.365(1) and (2) suggests that Kettner has a private right of action.

Furthermore, the legislative history of O.R.S. 659.365 strongly suggests that the legislature drafted the Oregon Parental Leave Statute to exclude a private right of

action. An early draft of House Bill 2321 included the following provision: "If any employer fails to comply with the provisions ... of this Act, the circuit court for any county in which the employer maintains a place of business has jurisdiction, upon the filing of a petition by the employe [sic]." House Bill 2321, Oregon Legislative Assembly, 1987 Regular Session, March 18, 1987, p. 2. However, this section was deleted and replaced by what is substantially the same language used in O.R.S. 659.365(1). *Id.*

The legislature, for whatever its reasons, has provided only an administrative remedy for the type of discrimination alleged in Kettner's complaint. Therefore, Kettner's third claim for relief must be dismissed for failure to state a claim on which relief can be granted.

The court need not reach the issue of preemption with regard to Kettner's claim for parental leave discrimination because Kettner has no right of action which could be preempted by Section 301.

## CONCLUSION

For the foregoing reasons, the motion of Albertsons to dismiss Kettner's complaint (# 8) is granted.

## JUDGMENT

Based on the record,

IT IS ORDERED AND ADJUDGED that this action is dismissed.