CPI ADVANCED, INC., a California Corporation dba Winners Products, Plaintiff—Appellant,

v.

KONG BYUNG WOO COMM. IND., CO., LTD., a business entity form unknown; M.H. Chang, an individual, Defendants—Appellees.

No. 03–56646.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided June 16, 2005.

**82**

Mickey Walker, Esq., Chandler & Associates, Riverside, CA, for Plaintiff—Appellant.

Paul Park, Esq., Law Offices of Paul Park, Los Angeles, CA, for Defendants—Appellees.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

## MEMORANDUM **

Plaintiff CPI, a California corporation, sued defendants KBW and Chang in federal district court on April 17, 2003, alleging breach of contract and fraud in connection with a contract the parties entered into on February 2, 1993. The district court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), holding that California's statute of limitations on contract actions barred its claims for relief. We review the district court's dismissal for failure to state a claim de novo. *Decker v. Advantage Fund, Ltd.,* 362 F.3d 593, 595–96 (9th Cir.2004). For the purposes of this appeal, we take as true the facts alleged in CPI's complaint, and we construe them in the light most favorable to CPI. *Cervantes v. United States,* 330 F.3d 1186, 1187 (9th Cir.2003).

Under the contract, the last possible date on which the defendants could fulfill their financial obligations to CPI was February 2, 1998. Since California has a four-year statute of limitations on contract claims, CPI's suit is to be barred by the statute of limitations absent some kind of tolling. Cal.Code Civ. Proc. § 337. In its complaint, CPI alleged that defendants were estopped from asserting the statute of limitations as a defense due to their repeated promises to perform and plaintiff's reliance thereon. The defendants moved to dismiss pursuant to Rule 12(b)(1), (2), and (6). The defendants attached two declarations to their motion. They also attached as an exhibit a complaint and a arbitration judgment from unrelated state court litigation between the parties.

■ The district court rejected CPI's estoppel theory. However, in so doing, the district court indicated that it considered extrinsic evidence beyond the facts alleged in CPI's complaint. The district court wrote

the fact that the parties were involved in a lawsuit in state court for a period of approximately five years, during which CPI allegedly relied on Mr. Chang's promise to pay, undermines CPI's contention that its reliance was reasonable. Accordingly, the defendants are not estopped from invoking the limitations period.

If the district court wanted to consider the extrinsic evidence that the defendants improperly attached to their Rule 12(b)(6) motion, it should have converted the motion into a Rule 56 motion for summary

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

judgment. *See* Fed.R.Civ.P. 12(b). Though records of litigation are subject to judicial notice for some purposes at the pleading stage, judicial notice is not a proper basis for rejecting factual allegations appearing in the plaintiff's complaint. *See Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1957).

■ We find no merit to the defendants' contention that CPI has not pled sufficient facts to establish estoppel under California law. The defendants rely on *Lundeen Coatings Corp. v. Department of Water and Power of Los Angeles*, 232 Cal.App.3d 816, 283 Cal.Rptr. 551 (1991). In *Lundeen*, the California Court of Appeal held that the plaintiff's allegations that the defendant "made representations that plaintiff's claims would be paid" was not "sufficient to establish estoppel to plead the statute of limitations against" the defendant. *Id.* at 829, 283 Cal.Rptr. 551. But when one reads the entire *Lundeen* opinion, it is clear that this is not the case. In *Lundeen*, the court set out the four elements of an estoppel claim:

> (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.

*Id.* (citing *Driscoll v. City of Los Angeles*, 67 Cal.2d 297, 305, 61 Cal.Rptr. 661, 431 P.2d 245 (1967)). The *Lundeen* court then explained that

> [s]ignificantly, plaintiff does not allege that it was encouraged to forestall filing suit on this claim. Mere allegations that plaintiff believed that "the check was in the mail" do not establish either ignorance of the true state of facts, or rea-

sonable reliance by plaintiff to his detriment.

*Id.* Unlike the plaintiff in *Lundeen*, CPI does allege that it was encouraged to forestall filing suit on its claim. CPI's complaint contains the following allegations:

- "Chang reiterated his promise to Mr. Cha that payments would be made, and convinced plaintiff to forbear from bringing this suit to enforce the Agreement."

- "Again as a result of Defendants' ongoing breach of the Agreement, Plaintiff threatened to bring suit to enforce the Agreement. However, as a result of the promises of Defendants, and the business and professional relationship existing between the parties, Plaintiff refrained from bringing suit to enforce the Agreement."

- "Defendants once again implored the Plaintiff to forbear from bringing suit to enforce the Agreement."

- "Defendants never had any intention of paying any share of the profits realized from the manufacturing operation. Instead, Defendants' true intent was to induce Plaintiff not to commence an action within the limitations period. Plaintiff relied on the promises of Defendants, and did forbear from bringing suit as Defendants requested."

If CPI's allegations are true, it can establish the four estoppel elements set out in *Lundeen*. Therefore, the district court erred in dismissing under Rule 12(b)(6).

**REVERSED and REMANDED.**