[Civ. No. 824. Fifth Dist. Dec. 11, 1967.]

MILTON MILLER, Plaintiff and Appellant, v. CITY OF BAKERSFIELD et al., Defendants and Respondents.

Milton Miller, in pro. per., for Plaintiff and Appellant.

Walter H. Condley for Defendants and Respondents.

STONE, J.—Plaintiff Milton Miller, individually and as trustee of the Hotel Padre Trust, appeals from a judgment entered pursuant to an order sustaining demurrer without leave to amend. The demurrer alleged that the judgment in a prior action, *City of Bakersfield* v. *Miller*, 64 Cal.2d 93 [48 Cal.Rptr. 889, 410 P.2d 393], is res judicata. This action and the prior action arose out of the enforcement by the city of building code provisions enacted long after the construction of appellant's building. The facts surrounding the transaction are fully set forth in the Supreme Court opinion, at page 96 et seq. Insofar as the matter before us is concerned, the pertinent fact is that at the time appellant answered and filed a cross-complaint in the city's action against him, he also filed this separate action against the city and certain city officials for damages alleged to have been suffered by reason of enforcement of the Uniform Building Code adopted by the City of Bakersfield.

Appellant's charging allegations all rest on the premise that application of building code requirements to buildings constructed prior to the adoption of the code is unconstitutional. Upon this basis he alleges that the posting by city officials or city employees of notices on his property that the building did not meet designated requirements of the building code, and of a notice to vacate certain parts of the building, were illegal acts which caused him damage. All of the acts about which appellant complains were executed in carrying out the city's abatement action and in the enforcement of the building code.

The record reflects that the legal basis for every allegation made by appellant in his complaint, that is, every issue raised in this action for damages, was fully litigated and decided

adversely to him in *City of Bakersfield* v. *Miller, supra.* The upshot of the Supreme Court's opinion is: "We conclude that the city acted within its constitutional and statutory powers in enacting and enforcing the ordinance and that the resultant judgment deprives defendant of no constitutionally protected right." (P. 96.) "The substantive provisions of the code deprive defendant of no right protected by the Constitution, and it is clearly within the statutory powers of the city to declare that buildings violating the ordinance in ways which directly affect the health and safety of the public are public nuisances. Therefore, the trial court did not err in ordering that the nuisance be abated. The cross-complaint, in which defendant sought relief from the posting of signs on his premises without an opportunity to be heard, was properly dismissed. The trial itself constituted a public hearing on the matter." (P. 104.)

Appellant points out that the City of Bakersfield alone appeared as plaintiff and cross-defendant in the prior action, while in the present action, in addition to the city, he has sued certain city officials who were not parties to the prior action. Therefore, he argues, res judicata cannot bar his action against the individuals who were not parties to the first action.

The fact the individual defendants here were not parties to the first action does not prevent them from joining with the City of Bakersfield in asserting the defense of res judicata. *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892], made it clear that mutuality is not a prerequisite to asserting the plea of res judicata in California. (See Currie, *Civil Procedures: The Tempest Brews,* 53 Cal.L.Rev. p. 25.) Mr. Justice Traynor, now Chief Justice, said in *Bernhard,* at page 812: "No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend."

In disposing of mutuality as a test, the court formulated a three-part query upon which application of the doctrine of res judicata rests. At page 813 it is expressed thus: "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (See also *Teitelbaum Furs, Inc.* v.

*Dominion Ins. Co., Ltd.,* 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439].)

Applying this test, we find that appellant's claims for damages are predicated upon issues decided in *City of Bakersfield* v. *Miller, supra;* certiorari was denied by the United States Supreme Court, and the California Supreme Court decision is final; the case was litigated on the merits; and appellant, against whom the plea of res judicata is asserted, was a party to the prior adjudication.

As a second ground of appeal, appellant contends the trial court should have disregarded the prior judgment, even though final, because he, appellant, did not receive a fair trial on the merits, principally because of alleged derelictions on the part of the attorney who then represented him.

While an action may be brought in equity to set aside a final judgment when proper grounds are alleged, this is not such an action. The complaint herein was filed before the first action was tried, so that under any circumstances it cannot be considered an action to set aside the judgment that followed. An action in equity to set aside a judgment must be specifically directed to that end. ''Normally the complaint must set forth: (1) The judgment. (2) The ground for relief, and, in the case of fraud or mistake, specific pleading thereof. . . . (3) The facts showing a meritorious case and freedom from contributory fault.'' (3 Witkin, Cal. Procedure (1954) p. 2122.)

Respondent argues that appellant's grievance with his attorney falls short of the necessary allegation of fraud and intentional wrongdoing, citing *United States* v. *Throckmorton,* 98 U.S. 61 [25 L.Ed. 93]; *Pico* v. *Cohn,* 91 Cal. 129 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336]; *Eistrat* v. *Brush Industrial Lbr. Co.,* 147 Cal.App.2d 628 [305 P.2d 715]; *Preston* v. *Wyoming Pac. Oil Co.,* 197 Cal.App.2d 517, 530 [17 Cal.Rptr. 443]. Although this appears to be a correct analysis of the charge that appellant's attorney let him down, it is significant that no facts are alleged in the complaint that would warrant setting aside the judgment on this or any other ground. Appellant's contention that he was prevented from having a fair trial was advanced for the first time during argument on demurrer and enlarged upon in his briefs and oral argument to this court; there are no pleadings to support the argument. Since appellant's action is for damages, and not an action in equity, it constitutes an impermissible collateral attack on a final judgment. (*Jorgensen* v. *Jorgensen,* 32 Cal.2d

13 [193 P.2d 728] ; 3 Witkin, Cal. Procedure (1954) p. 2120 et seq.; 29 Cal.Jur.2d, p. 128.)

Appellant asserts that certain preliminary orders, such as granting individual defendants time to appear, were made by judges who had been disqualified from sitting on the case. The record does not support these allegations, but even were they true this court could not overturn the ultimate finding of res judicata which is clearly correct and which forecloses appellant from proceeding with this action.

The judgment is affirmed.

Conley, P. J., and Gargano, J., concurred.