Filed 9/28/16  Bookout v. MUFG Union Bank CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WILLIAM A. BOOKOUT,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MUFG UNION BANK,<br><br>    Defendant and Respondent. | 2d Civil No. B269942<br>(Super. Ct. No. 15CV-0265)<br>(San Luis Obispo County) |

William A. Bookout brought an action against a bank for breach of contract, fraud, perjury, breach of fiduciary duty and negligence.  The trial court sustained the bank's demurrer on the grounds of res judicata and statute of limitations without leave to amend.  We affirm the ensuing judgment in favor of the bank.

### FACTS

#### First Amended Complaint

Bookout's first amended complaint alleges as follows:  Bookout obtained a loan from a predecessor in interest to MUFG Union Bank, N.A. (MUFG Union Bank and its predecessors herein collectively "Bank".)  The loan was secured by Bookout's residential and business real properties.  Bookout defaulted on the loan.

In June 2007, Bookout and the Bank entered into a forbearance agreement. Bookout alleges that the Bank immediately breached the agreement by using an improper amortization schedule to calculate monthly payments.

Bookout further alleges: In 2011, the Bank recorded improper notices of default against the properties that secured the loan. Also in 2011, the Bank improperly added $45,171.20 to the loan and falsified loan documents. The Bank did not have the right to add $57,676.17 for attorney fees to its proof of claim in Bookout's bankruptcy. The Bank did not have the right to set the minimum bid price for the trustee's sale of the Oceano property at $189,000. The Bank foreclosed on Bookout's rock inventory without giving credit for the sale proceeds.

Demurrer

The Bank demurred to Bookout's first amended complaint based on res judicata and statute of limitations. In support of its demurrer, the Bank requested that the trial court take judicial notice of documents filed in Bookout's bankruptcies. The court granted the Bank's motion for judicial notice.

Bookout filed for bankruptcy under chapter 13 on September 15, 2011. The Bank filed a proof of claim arising out of the loan. On December 15, 2011, Bookout filed an objection to the proof of claim. The objection alleged the Bank had: (1) not properly amortized the loan and forbearance agreement; (2) changed the loan documents; (3) filed fraudulent notices of default; and (4) breached the forbearance agreement. The bankruptcy court dismissed the bankruptcy on December 20, 2011, due to Bookout's failure to make payments under the plan.

On December 27, 2011, Bookout again filed for bankruptcy under chapter 13. The Bank filed another proof of claim. The parties stipulated that the Bank could foreclose on Bookout's commercial property and apply the proceeds of the sale to the outstanding loan balance. The Bank foreclosed and applied the proceeds to the loan balance. The Bank filed an amended proof of claim to reflect the reduced balance.

Bookout again objected to the Bank's proof of claim as follows: The Bank improperly reduced the minimum bid price at the foreclosure sale and improperly charged Bookout $57,676.17 for attorney fees and costs associated with his default on the loan.

2

On June 21, 2012, the bankruptcy court denied Bookout's objections and approved the Bank's claim in full.

### Ruling on Demurrer

The trial court sustained the Bank's demurrer without leave to amend. The court concluded that the bankruptcy court's denial of Bookout's objections to the Bank's proof of claim and approval of the claim in full is res judicata. The court also concluded that Bookout's allegation of perjury does not state a civil cause of action and that all the other causes of action are barred by statute of limitations. Bookout's original complaint was filed on May 18, 2015.

### DISCUSSION

#### I

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took notice. (*Ibid.*) But we do not assume the truth of contentions, deductions or conclusions of law. (*Ibid.*) Our review of the trial court's decision is de novo. (*Ibid.*)

We review the trial court's decision to allow an amendment to the complaint for abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 273.) Where there is no reasonable possibility that plaintiff can cure the defect with an amendment, sustaining a demurrer without leave to amend is not an abuse of discretion. (*Id*. at p. 274.)

#### II

Bookout's first amended complaint is 112 pages long and has nearly 600 pages of exhibits. It is as incomprehensible as it is long. Bookout's briefs on appeal are equally opaque. We could dismiss the appeal as abandoned for failure to state any intelligible legal argument in the opening brief. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.) We elect not to do so.

3

Res judicata precludes parties or their privies from relitigating an issue that has been finally determined by a court of competent jurisdiction. (*Nathanson v. Hecker* (2002) 99 Cal.App.4th 1158, 1162.) Res judicata bars the litigation not only of issues that were actually litigated in a prior proceeding, but also issues that could have been litigated in that proceeding. (*Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 82.) Res judicata requires: (1) a final decision on the merits in a prior proceeding; (2) the issue in the prior proceeding, which was or could have been decided in the prior proceeding, is identical to the issue in the present proceeding; and (3) the issue was asserted against the same party, or those in privity to the party, in the prior litigation. (*Nathanson* at p. 1162.)

An order of a bankruptcy court approving or denying a claim is a final judgment on the merits for the purposes of res judicata. (*Nathanson v. Hecker*, *supra*, 99 Cal.App.4th at p. 1163.)

Here it is uncontested that MUFG Union Bank, N.A. is a successor in interest to the party who filed the proof of claim in Bookout's bankruptcy. Thus, MUFG Union Bank, N.A. is in privity with a party to the bankruptcy claim. (*Eistrat v. Northern Lumber Co.* (1961) 190 Cal.App.2d 267, 272. [a privy is one who has acquired an interest in the subject matter affected by the judgment].)

The issues raised in Bookout's objections to the Bank's two proofs of claim are the same issues raised in Bookout's first amended complaint. Those issues were finally decided against Bookout when the bankruptcy court denied his objections to the Bank's proofs of claim and approved the second claim in full.

It is possible Bookout is arguing he was precluded from discovering the full extent of his claims against the Bank by a restraining order. Bookout was harassing the Bank's employees to the extent they became fearful for their safety. The Bank obtained a restraining order against Bookout preventing him from contacting the Bank through anyone but the Bank's counsel.

Discovery is ordinarily conducted through an opposing party's counsel. In any event, if Bookout was prevented from conducting discovery by the restraining order, it is his own fault.

Because Bookout's claim is barred by res judicata, we need not consider the Bank's statute of limitations defense.

## DISPOSITION

The judgment is affirmed. Costs are awarded to respondent.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

5

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____


William A. Bookout, in pro. per., for Plaintiff and Appellant.

Reicker, Pfau, Pyle, & McRoy, Alan A. Blakeboro, and Robert B. Forouzandeh, for Defendant and Respondent